# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOSE SANCHEZ,**<br>Petitioner,<br>vs.<br>**SCOTT FRAUENHEIM,**<br>Respondent. | CASE NO. 18-cv-04203-YGR<br><br>**ORDER DENYING MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY; SETTING BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 9 |

On July 13, 2018, petitioner Jose Sanchez, through counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. section 2254. (Dkt. No. 1 ("Petition").) On September 18, 2018, respondent Scott Frauenheim filed a motion to dismiss the petition with prejudice as untimely. (Dkt. No. 9 ("MTD").) Having carefully considered the papers submitted, and for the reasons set forth below, respondent's motion is **DENIED**.

## I. BACKGROUND

On May 20, 2014, petitioner was found guilty after a jury trial in the Santa Clara County Superior Court of two counts of lewd or lascivious conduct on a child under the age of 14 years (Cal. Penal Code § 288(a)), five counts of aggravated sexual assault of a child under the age of 14 years (*id*. § 269), six counts of forcible lewd or lascivious conduct on a child under the age of 14 years (*id*. § 288(b)(1)), and one count of sexual penetration by force, fear, or threats (*id*. § 289(a)(2)). (Exh.1 to MTD at ECF p. 15, Dkt. No. 9-1.) Petitioner was subsequently sentenced to an aggregate term of 165 years to life in prison. (*Id*.)

Petitioner appealed to the California Court of Appeal. On February 1, 2017, the Court of Appeal affirmed the judgment. (*Id*. at ECF p. 25.)

Petitioner then filed a petition for review in the California Supreme Court. On April 12, 2017, the Supreme Court denied the petition for review. (Exh. 2 to MTD, Dkt. No. 9-1.)

Respondent contends that the petition for writ of habeas corpus was filed outside the one-year limitation period prescribed by 28 U.S.C. section 2244(d)(1) and thus this action is time-barred. For the reasons stated below, the Court disagrees.

**II.    DISCUSSION**

**A.    One-Year Statute of Limitation**

The current Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. section 2244(d). *See Lawrence v. Florida*, 549 U.S. 327, 329 (2007); *Laws v. Lamarque*, 351 F.3d 919, 921 (9th Cir. 2003). In most cases, the limitation period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *see also Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

AEDPA may also allow for statutory tolling or equitable tolling. *Jorss v. Gomez*, 311 F.3d 1189, 1192 (9th Cir. 2002). However, "a court must *first* determine whether a petition was untimely under the statute itself before it considers whether equitable [or statutory] tolling should be applied." *Id*. (emphasis supplied).

Accordingly, a court should undertake a three-step analysis to evaluate whether a petition is timely filed under AEDPA. A court should "begin [its statute of limitation analysis under AEDPA] with the relevant timeliness calculations." *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). "[T]he next step is to determine whether the limitations period should be statutorily tolled" while "[t]he final step is to determine whether equitable tolling applies." *Shafer v. Knowles*, No. C03-1165SI(PR), 2003 WL 22127878 (N.D. Cal. Aug. 14, 2003).

**B.    Step One: Timeliness Calculation**

Here, respondent contends that the limitation period is the typical one and that it runs from the date petitioner's state judgment became final. (MTD at 3 (citing 28 U.S.C. § 2244(d)(1)(A)).) Petitioner does not challenge this contention. Moreover, the record is devoid of any evidence to suggest that any other later event triggered the limitation period. 28 U.S.C. § 2244(d)(1)(B)–(D). Accordingly, the Court will calculate timeliness from the date petitioner's judgment became final.

2

The California Supreme Court denied the petition for direct review on April 12, 2017. Because direct review includes the 90 days during which petitioner could have filed a petition for writ of *certiorari* from the United States Supreme Court, petitioner's judgment became final on July 11, 2017. *Id*. § 2244(d)(1)(A) (judgment becomes final either "by the conclusion of direct review or the expiration of the time for seeking such review"); *Spitsyn v. Moore*, 345 F.3d 796, 798 (9th Cir. 2003), *as amended* (Nov. 3, 2003) ("The period of 'direct review' after which [a] state conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) includes the 90-day period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, even if the petitioner does not actually file such a petition."); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (same). Accordingly, petitioner had until July 11, 2018 to file the current Petition. *See* 28 U.S.C. § 2244(d)(1).

On July 11, 2018, petitioner's counsel asked a paralegal to file the Petition in person at the San Francisco Federal Courthouse and contends that the paralegal was told that the Petition could not be accepted and must be filed online. (Petitioner's Response to Respondent's MTD ("Response") at ECF p. 3, Dkt. No. 13.)[1] According to counsel, "no further assistance was provided" to the paralegal. (*Id*.) Rather, when counsel later contacted the Clerk's Office for further clarification, she was told only "that the filing ha[d] to be done electronically, and that the [habeas corpus] local rules were correct in that an original and a copy had to be filed." (*Id*.; *see also* Declaration of Counsel in Support of Motion ("Counsel Decl.") ¶ 7, Dkt. No. 13 at ECF p. 5.) Counsel then attempted to file the Petition electronically through the CM/ECF system, but it was not until two days later that she "eventually deciphered the CM/ECF Filer system and filed the petition correctly, albeit 2 days late." (Response at ECF p. 3; *see also* Counsel Decl. ¶ 8.)

Based on the foregoing, and as petitioner concedes, the Petition was filed two days after AEDPA's one-year limitation period expired. The Petition can thus be timely *only if* the intervening period was tolled under statutory or equitable tolling principles.

---

[1] Petitioner's "counsel" as used in petitioner's response to the motion and herein refers to Ms. Zsuzsanna Veres, who works under the supervision of Mr. Christopher Morales, counsel of record for petitioner.

3

### C. Step Two: Statutory Tolling

Statutory tolling is available under AEDPA during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001).

As petitioner admits in his Petition, he did not file any state habeas petitions or other collateral review following the California Supreme Court's decision on April 12, 2017. (Petition at 3.) Accordingly, he is not entitled to statutory tolling.

### D. Step Three: Equitable Tolling

The United States Supreme Court has decided that "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner seeking equitable tolling bears the burden of establishing two elements: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id*. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling is "unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Castro*, 292 F.3d at 1066 (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)).

With regard to the "diligence" prong, petitioner's counsel argues that because the Petition was "completed and ready to be filed on July 11, 2018[,]" petitioner's "rights were pursued diligently[.]" (Response at ECF p. 3.) As for the "extraordinary circumstance" prong, counsel argues that this district's "Habeas Corpus Local Rules provide false information regarding the filing of the petition[,] and electronic filing is a relatively new standard that is difficult to navigate." (*Id*.)

Attorney conduct compromising the filing of a timely federal habeas petition can constitute the requisite "extraordinary circumstance" in some circumstances but not others. *Holland* held that "garden variety claim[s] of excusable neglect," such as "simple miscalculation" of time limits, do not constitute an extraordinary circumstance. *Holland*, 560 U.S. at 651–52 (internal quotation

4

marks omitted); *see also Lawrence*, 549 U.S. at 336–37 ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) ("[M]iscalculation of the limitations period by [petitioner's] counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling."). However, attorney misconduct *can* be so egregious as to create an "extraordinary circumstance," justifying equitable tolling. *Holland*, 560 U.S. at 651. In a concurring opinion in *Holland*, Justice Alito explained his understanding of the logic behind this framework, reasoning that, "the principal rationale for disallowing equitable tolling based on ordinary attorney miscalculation is that the error of an attorney is constructively attributable to the client and thus is not a circumstance beyond the litigant's control." *Id*. at 657 (Alito, J., concurring). Thus, equitable tolling is not available when counsel might "forget to file the habeas petition on time, mail the petition to the wrong address, or fail to do the requisite research to determine the applicable deadline." *Id*. Moreover, "the shortness of the delay does not by itself relieve Petitioner of the effect of his original Petition being filed after the limitation period expired."[2] *Bell v. Barnes*, No. EDCV 13-530-CJC (OP), 2013 WL 5548621, at *4 (C.D. Cal. Oct. 4, 2013).[3]

---

[2] *See, e.g., Marcello*, 212 F.3d at 1010 (federal habeas petition submitted one day late was properly dismissed as untimely under AEDPA); *Lattimore v. Dubois*, 311 F.3d 46, 53–54 (1st Cir. 2002) (reversing district court's decision to give the petitioner a "grace period" and dismissing a habeas petition as untimely when it was submitted one day late); *Lookingbill v. Cockrell*, 293 F.3d 256, 265 (5th Cir. 2002) (stating "[w]e consistently have denied tolling even where the petition was only a few days late"); *Vigil v. Gipson*, No. CV 11-10360-RGK (JCG), 2012 WL 1163633, at *1 (C.D. Cal. Mar. 13, 2012) ("While one could perhaps be sympathetic to a one-day delay, this Court is obligated to follow the strict mandate of AEDPA, as many other courts have done in similar circumstances for sound reasons."), *report and recommendation adopted*, No. CV 11-10360-RGK (JCG), 2012 WL 1163133 (C.D. Cal. Apr. 9, 2012); *Szadziewicz v. Salazar*, No. CV 09-7576-DOC (RC), 2010 WL 2985840, at *5 (C.D. Cal. July 19, 2010), *report and recommendation adopted*, No. CV 09-7576-DOC (RC), 2010 WL 2985842 (C.D. Cal. July 26, 2010) (dismissing petition where pro se prisoner filed one day late).

[3] Respondent's counsel cites to *Maples v. Thomas*, 565 U.S. 266 (2012) for the proposition that under principles of agency, equitable tolling is available only when an attorney has "abandoned" his or her client. (Dkt. No. 14 at 3.) It is true that in *Maples*, the Supreme Court drew off of Justice Alito's concurring opinion in *Holland* to recognize that abandonment by postconviction counsel may constitute an extraordinary circumstance warranting equitable tolling. *Id*. at 283. However, the Ninth Circuit in *Luna v. Kernan*, 784 F.3d 640 (9th Cir. 2015) stated that it was "unclear whether the Court intended to hold in *Maples* that attorney misconduct falling short of abandonment may no longer serve as a basis for equitable tolling." *Id*. at 648. The court

5

Here, the "extraordinary circumstance" to be analyzed is the claim that "the Habeas Corpus Local Rules provided false information regarding the filing of the petition[,] and electronic filing is a relatively new standard that is difficult to navigate." (Response at 2, 3.)

First, the Habeas Corpus Local Rules of this district expressly provide that this district's Civil Local Rules apply to habeas cases "except to the extent that they are inconsistent" with the Habeas Corpus Local Rules. Habeas L.R. 2254-1. The Habeas Corpus Local Rules were last revised in 2012, hardly recently. The Civil Local Rules in turn provide that "[e]xcept for cases filed by a pro se party who is not a registered e-filer, civil complaints and other case initiating documents in civil cases *must be filed electronically*." Civ. L.R. 5-1(d)(1) (emphasis supplied). To the extent petitioner's counsel argues that the Habeas Corpus Local Rules expressly require manual filing and are thus inconsistent with the Civil Local Rules, such argument is misplaced, as the former contain no such explicit requirement. (*See generally* Habeas L.R. 2254-3.) Moreover, the claim is disingenuous as her supervisor, petitioner's counsel of record, is a registered CM/ECF user who has used the CM/ECF system to file pleadings electronically in various habeas and criminal cases in this district. *See, e.g., Campos v. Holland*, Case No. 15-cv-00856-LHK; *Deanda v. Miller*, Case No. 13-cv-02135-BLF; *United States v. Federico*, 12-cr-0862-YGR. In sum, counsel's late filing despite being supervised by an experienced CM/ECF user is precisely the type of "garden variety" mistake for which equitable tolling is not warranted. *Holland*, 560 U.S. at 651.

That said, the Court is concerned that the Clerk's Office refused a manual filing and instructed petitioner's counsel to file electronically, contributing to the missed deadline. (*See* Response at ECF p. 3.) The Court concurs that such requirement appears to be inconsistent with the Habeas Local Rule requiring the filing of an "original and one copy" of the petition, which can only be done manually. *See* Habeas L.R. 2254-3(g). Accordingly, given the Clerk's role in the

---

noted that prior cases from its circuit that had held that egregious attorney misconduct of all stripes may serve as a basis for equitable tolling remained good law. *Id*. at 649. It held that because *Maples* did not explicitly overrule *Holland*, and because as a three-judge panel it lacked the authority to overrule circuit precedent and rule that *Maples* implicitly overruled *Holland*, attorney misconduct falling short of abandonment could serve as a basis for equitable tolling. *Id*.

6

delay, and that the circumstances were beyond petitioner's control, the Court finds an extraordinary circumstance warranting equitable tolling. *See Menominee Indian Tribe of Wis. v. U.S.*, 136 S. Ct. 750, 756 (2016) (the diligence prong "covers those affairs *within the litigant's control*") (emphasis supplied); *see also James v. Pliler*, 269 F.3d 1124, 1126 (9th Cir. 2001) (recognizing "the preference for decisions on the merits rather than on procedural grounds").

### III. CONCLUSION

Accordingly, respondent's motion to dismiss the Petition as untimely is **DENIED**.

Respondent is directed to **SHOW CAUSE** why the Petition should not be granted. Respondent shall file with this Court and serve upon petitioner, no later than **sixty (60) days** from the date of this Order, an Answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the Answer a copy of all portions of the underlying state criminal record that were previously transcribed and that are relevant to a determination of the issues presented by the Petition.

If petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on respondent no later than **twenty-eight (28) days** of his receipt of the Answer. Should petitioner fail to do so, the petition will be deemed submitted and ready for decision **twenty-eight (28) days** after the date petitioner is served with respondent's Answer.

This Order terminates Docket Number 9.

**IT IS SO ORDERED.**

Dated: January 31, 2019

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**